UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARMEN DANIELLE MORA
SANCHEZ, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.                                     Case No. 3:21-cv-372-TJC-LLL

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, HIDAY & RICKE, P.A.,
JEFF RICKE, an individual, and
ROBERT HIDAY, an individual,

    Defendants.

## **O R D E R**

This debt-collection class action case is before the Court on its second round of motions to dismiss. The Court previously detailed the facts and procedural history of this case, and it need not repeat itself here.[1] See (Doc. 92

---

[1] Sanchez now alleges claims on behalf of the following class and subclass:

> All persons who (a) on or after April 7, 2017, (b) were sent a letter by Hiday & Ricke, P.A. in substantially the form of [the warning letter, (Doc. 93-1)] to this Second Amended Complaint, (c) with regard to collection of a judgment debt, and (d) where the debtor was covered by insurance as required by Fla. Stat. § 324.021(7) at the time of the accident.
>
> All members of the Class where the client on whose behalf Hiday & Ricke was acting was State Farm Insurance Co.

at 2–6). In its March 21, 2023 Order, the Court ruled on several threshold issues in the case. Id. at 7–27. It also granted in part Defendants State Farm Mutual Automobile Insurance Company and Hiday & Ricke, P.A.'s Motions to Dismiss, and dismissed Plaintiff Carmen Danielle Mora Sanchez's Racketeer Influenced and Corrupt Organizations Act (RICO) counts without prejudice. Id. at 27–35. The Court provided Sanchez one final opportunity to amend her RICO counts and she opted to do so. See (Doc. 93). Now before the Court are Defendants' Motions to Dismiss Sanchez's RICO counts[2] (Docs. 99, 101) and Sanchez's responses in opposition (Docs. 102, 103).

Sanchez brings claims under both 18 U.S.C. § 1962(c) (against Jeff Ricke and Robert Hiday) and § 1962(d) (against State Farm). Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's

---

(Doc. 93 ¶¶ 57–58).

[2] In the Second Amended Complaint, Sanchez alleges four counts: (1) Violation of RICO under 18 U.S.C. § 1962(c) (against Jeff Ricke and Robert Hiday only), (2) Violation of RICO under 18 U.S.C. § 1962(d) (against State Farm only), (3) Abuse of Process (against all Defendants), and (4) Declaratory Judgment Act (against Hiday & Ricke). (Doc. 93). The Court denied Defendants' previous motions to dismiss to the extent they requested dismissal of Count III (abuse of process). (Doc. 92 at 31–34). Hiday & Ricke never moved to dismiss Count IV and the Court considered the issues raised in Count IV in its March 21, 2023 Order, but it withheld judgment. See generally (Doc. 92).

affairs through a pattern of racketeering activity or collection of unlawful debt." Similarly, § 1962(d) makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."

To survive Defendants' motions to dismiss, Sanchez must plausibly allege that Defendants "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff. If a plaintiff fails to adequately plead any one of these elements, she has failed to state a claim upon which relief may be granted . . . ." Cisneros v. Petland, Inc., 972 F.3d 1204, 1211 (11th Cir. 2020) (internal citations omitted). The Court dismissed Sanchez's RICO counts in the First Amended Complaint because she failed to properly allege the existence of an enterprise.[3] See (Doc. 92 at 28–30). In the Second Amended Complaint, Sanchez alleges that Jeff Ricke and Robert Hiday "conducted or participated in the affairs" of Hiday & Ricke "through a pattern of racketeering activity" (Doc. 93 ¶ 73), and that State Farm knew about and profited off their illegal tactics, id. ¶ 78. Defendants do not argue that Sanchez has failed to allege an enterprise. Defendants instead

---

[3] In the First Amended Complaint, Sanchez alleged an enterprise consisting of Hiday & Ricke and its attorneys, State Farm, and other auto insurers. See (Doc. 34 ¶ 87). The Court held that State Farm was not sufficiently distinct from Hiday & Ricke and its attorneys to constitute an enterprise and any allegations against "other auto insurers" were conclusory. (Doc. 92 at 28–30).

contend that Sanchez has not sufficiently pled the predicate acts of mail fraud or extortion,[4] a pattern of racketeering, and/or causation.[5]

In RICO claims where the alleged predicate act is mail fraud, the fraud allegations must meet the heightened pleading standard found in Federal Rule of Civil Procedure 9(b). Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010). Specifically, under Rule 9(b) plaintiffs must allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." Id. (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1380–81 (11th Cir. 1997)). Further, "[a] plaintiff must prove the following elements to establish liability under the federal mail [] fraud statutes: (1) that defendants knowingly devised or participated in a scheme to defraud plaintiffs, (2) that they did so willingly with an intent to defraud, and (3) that the defendants used the U.S. mails [] for the purpose of executing the scheme." Langford v. Rite Aid of Alabama, Inc., 231 F.3d 1308, 1312 (11th Cir. 2000).

---

[4] Because the Court concludes that Sanchez's mail fraud allegations are sufficient, it need not consider Defendants' arguments regarding her extortion allegations.

[5] Sanchez's allegations regarding the alleged pattern of racketeering activity and causation are sufficient. See (Doc. 93 ¶¶ 21–32, 55–56, 59, 72, 74).

Ricke and Hiday argue that Sanchez has provided only conclusory allegations as to how they engaged in racketeering activity. (Doc. 101 at 7–8). The Court disagrees. See (Doc. 93 ¶¶ 21–31). Ricke and Hiday also argue that they lacked the requisite intent to commit mail fraud because Florida Statute § 324.131 is ambiguous. (Doc. 101 at 8–9). However, the Court finds that Sanchez has alleged enough to plausibly infer (in accordance with 9(b)) that Defendants intended to defraud Sanchez and others. See (Doc. 93 ¶¶ 21–32, 48–49). Finally, State Farm argues that Sanchez has not alleged the required "agreement" for her conspiracy count. (Doc. 99 at 5–9). The Court again disagrees and thinks that the allegations, assumed as true, barely cross the threshold into plausibility. See (Doc. 93 ¶¶ 32, 78).

While the Court questions whether Sanchez will ultimately succeed on her RICO claims, Sanchez has alleged just enough to survive a motion to dismiss. The Court is confident Defendants will provide the Court another opportunity to consider the RICO claims at the summary judgment stage.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motions to Dismiss (Docs. 99, 101) are **DENIED**.

2. Defendants shall answer the Second Amended Complaint no later than **September 8, 2023**.

3. State Farm's Request for Oral Argument on Motion to Dismiss (Doc. 100) is **DENIED as moot**.

4. The parties continue to be governed the Phase One Case Management and Scheduling Order. (Doc. 106).

**DONE AND ORDERED** in Jacksonville, Florida the 9th day of August, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

6