UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CARMEN DANIELLE MORA SANCHEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, HIDAY & RICKE, P.A., JEFF RICKE, an individual, and ROBERT HIDAY, an individual,<br><br>Defendants. | Case No.: 3:21cv-00372 -TJC-LLL<br><br>CLASS ACTION |

**ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT AND SETTING
FINAL APPROVAL HEARING FOR AUGUST 26, 2025**

WHEREAS, Plaintiffs Carmen Danielle Mora Sanchez ("Sanchez"), Brandon Rashard Waters ("Waters"), and Kashana Sangfield ("Sangfield") (collectively, the "Named Plaintiffs"),[1] individually and as proposed class representatives on behalf of a proposed Settlement Class (collectively, "Plaintiffs"), and Defendants State Farm Mutual Automobile Insurance Company ("State Farm"), Hiday & Ricke, P.A. ("Hiday & Ricke"), Jeff Ricke ("Ricke"), and Robert Hiday ("Hiday") (collectively,

---

[1] Waters and Sangfield shall become Named Plaintiffs in this Action by virtue of the approval of the amendment to the operative complaint as stated in Paragraph 40 below.

the "Defendants"), acting by and through their respective counsel, have agreed, subject to Court approval, to settle this Action upon the terms and conditions stated in the Class Action Settlement Agreement filed with the Court on March 25, 2025 (the "Agreement"), which is of record at Doc. 193, Ex. 4;

NOW, THEREFORE, based upon the Agreement, all of the files, records, and proceedings herein, statements of counsel, and it appearing to the Court that a hearing should be held to determine whether the Proposed Settlement described in the Agreement should be finally approved as fair, reasonable, and adequate;

IT IS HEREBY ORDERED THAT:

1. The Agreement (including Exhibits)[2] is hereby incorporated by reference in this Order, and all terms defined in the Agreement will have the same meanings in this Order.

2. This Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs and all Settlement Class Members.

3. The Court finds that the negotiations leading to the Agreement occurred at arm's length and there was sufficient discovery in this case prior to settlement.

4. As explained further herein, and for the reasons discussed at the April

---

[2] The Exhibits are of record at Doc. 193, Ex. 5, 6, 7, and Doc. 197, Ex. 1. References to the "Exhibits" are references to these exhibits.

18, 2025 motion hearing, the record of which is incorporated by reference, Plaintiff's Unopposed Time Sensitive Motion for Preliminary Approval of Class Action Settlement and Approval of Notice Plan (Doc. 193) is **GRANTED** and the Court preliminarily approves the Agreement (including Exhibits), finding that the Proposed Settlement is fair, reasonable, and adequate to warrant providing notice to the Settlement Class because, upon preliminary review and as required by Fed. R. Civ. P. 23(e)(1)(B), there is sufficient information provided to determine that the Court will likely be able to approve the proposal.

5. As a threshold issue, the Court determines that the Named Plaintiffs possess standing to represent this Settlement Class because they are members of the Settlement Class (as defined below) and allege they have suffered injury as a result of the conduct of Defendants.

6. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Parties and the Released Parties of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of the Parties and Released Parties.

7. Courts should make a preliminary inquiry into the Rule 23 requirements prior to preliminarily approving a proposed Settlement Class. *See Junior v. Infinity Ins. Co.*, No. 6:18-cv-1598-Orl-78EJK, 2020 WL 8254235, at *1-2 (M.D. Fla. Jun

3

5, 2020), *approved*, 2020 WL 8254233 (M.D. Fla. June 22, 2020); *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 659 (S.D. Fla. 2011). This Court addresses each factor and, for purposes of settlement, finds that the Proposed Settlement is suitable for class treatment under Fed. R. Civ. P. 23(e).

8. The number of Settlement Class Members is so numerous that joinder of them all is impracticable. Fed. R. Civ. P. 23(a)(1). For purposes of this Settlement, the Parties have identified 441 persons who potentially qualify for settlement class membership, which is sufficient to establish numerosity. *See Cox v. Am. Cast Iron Pipe Co.,* 784 F.2d 1546, 1553 (11th Cir. 1986) ("[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors.").

9. There are questions of law and fact common to the Settlement Class. Fed. R. Civ. P. 23(a)(2). Each Settlement Class Member is or was a judgment debtor who was the at-fault party in an accident with a State Farm insured where such judgment debtor is believed to have had at least the minimum required insurance pursuant to Fla. Stat. § 324.021(7), the person (or their automobile insurer) tendered payment to State Farm, and Hiday & Ricke requested the person's driver's license be suspended for failure to satisfy the judgment owing to State Farm. The Named Plaintiffs allege that seeking driver license suspensions was part of a common course of conduct by Defendants with respect to the collection of unpaid subrogation

judgments.

10. The claims of the Named Plaintiffs are typical of the claims of the Settlement Class. Fed. R. Civ. P. 23(a)(3). The claims of the Named Plaintiffs are typical because the Named Plaintiffs fit the description of the Settlement Class Members and had their respective driver's licenses suspended.

11. Based on their conduct in this Action, the Named Plaintiffs and Class Counsel, who are experienced class action attorneys, have demonstrated they will fairly and adequately protect the interests of the Settlement Class. Fed. R. Civ. P. 23(a)(4).

12. The Court finds the Proposed Settlement meets the requirements of Rule 23(b)(3) for purposes of settlement because questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Named Plaintiffs take issue with an alleged common practice regarding Hiday & Ricke seeking driver's license suspensions in situations involving judgments owed to State Farm applied to all the Settlement Class Members.

13. The satisfaction of the Rule 23 requirements as stated herein are for settlement purposes only. Defendants maintain all defenses to certification, and this Order shall not be used as evidence or be interpreted in any way to be relevant to

whether the standards for certification of actual litigation classes would be satisfied were Defendants ever to contest the suitability of this dispute for class treatment.

14. For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, the following Settlement Class is preliminarily certified for settlement purposes only:

> The "Settlement Class" is the group of people comprised of the four hundred and forty-one (441) persons identified as a result of the Hiday & Ricke Defendants' search of their records. As such, each "Settlement Class Member" is defined as any person who meets the following criteria:
>
> (1) The person was a judgment debtor of State Farm between April 7, 2017 and June 11, 2024 pursuant to a judgment obtained by State Farm against that person (the "State Farm Judgment");
>
> (2) The State Farm Judgment against that person arose from an automobile accident with a State Farm insured;
>
> (3) At the time of the accident giving rise to the State Farm Judgment, the person maintained at least the minimum required insurance pursuant to Fla. Stat. § 324.021(7) (2017 to date). That minimum insurance is: (a) In the amount of $10,000 because of bodily injury to, or death of, one person in any one crash; (b) Subject to such limits for one person, in the amount of $20,000 because of bodily injury to, or death of, two or more persons in any one crash; (c) In the amount of $10,000 because of injury to, or destruction of, property of others in any one crash; and (d) With respect to commercial motor vehicles and nonpublic sector buses, in the amounts specified in §§ 627.7415 and 627.742, respectively. *See* Fla. Stat. § 324.021(7);
>
> (4) The person (or their automobile insurer) tendered payment to State Farm;
>
> (5) The person's driver's license was suspended between April 7, 2017 and June 11, 2024 pursuant to a request by Hiday & Ricke based on the person's failure to satisfy the State Farm Judgment; and
>
> (6) The person's license was not suspended for any reason other than the

6

Hiday & Ricke request based on the person's failure to satisfy the State Farm Judgment.

Excluded from the Settlement Class are: (1) any in-house or outside counsel for the Defendants and the immediate family members of such persons; (2) employees of the Defendants; (3) any members of the judiciary assigned to the Actions and their staff; and (4) the Parties' counsel in the Actions.

The foregoing defined Settlement Class is deemed to be ascertainable and adequately defined.

15. Sanchez, Waters, and Sangfield are preliminarily appointed representatives of the Settlement Class ("Class Representatives"), and the following attorneys are preliminarily appointed as counsel for the Settlement Class ("Class Counsel"):

Brian W. Warwick
Janet R. Varnell
Jeffrey L. Newsome
Christopher J. Brochu
Pamela Levinson
VARNELL & WARWICK, P.A.
400 N. Ashley Dr., Ste. 1900
Tampa, FL  33602

Irv Ackelsberg
Mary Catherine Roper
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4020
Philadelphia, PA 19103

16. The Parties have submitted exemplars of the Mail Notice and a blank Claim Form (Exhibits 1 and 2 to the Agreement). Upon careful review, the Court approves, without material alteration, Exhibits 1 and 2 to the Agreement, unless

7

otherwise modified by future agreement of the Parties to be approved by the Court.

17. The Court directs that the Mail Notices and the Claim Forms be sent to the Persons described, and in the manner set forth, in the Agreement, including the procedures set forth for notices that are returned as undelivered or due to an incorrect current address.

18. American Legal Claims Services, LLC is preliminarily appointed as the third-party Claims Administrator.

19. In addition to mailing the Mail Notice as set forth above, the Claims Administrator shall establish a settlement website as described in the Agreement and upload to the website the Agreement, the operative complaint, a sample Mail Notice, a sample Claim Form, this Preliminary Approval Order, a list of "frequently asked questions" (as approved by the Parties), and other information agreed to by the Parties. The website shall be maintained for at least 90 days after the Claims Submission Deadline. Furthermore, the Claims Administrator shall maintain a toll-free telephone line that allows Settlement Class Members to leave recorded messages, and the Claims Administrator may respond to messages as the Claims Administrator may deem appropriate.

20. The plan for the Class Action Fairness Act Notice to be made by the Claims Administrator as described in Paragraph 29 of the Agreement is in full compliance with 28 U.S.C. § 1715(b), and such notice shall be provided accordingly.

21. The costs of providing the dissemination of notice for administration of the Settlement, including the costs of the Claims Administrator, shall be handled as provided in the Agreement.

22. The Court preliminarily finds the notice to be provided to Settlement Class Members set forth in the Agreement is (a) the best practicable notice under the circumstances, (b) reasonably calculated to apprise Settlement Class Members of the pendency of the Action and of their right to object to or, to exclude themselves from, the Proposed Settlement, and to appear at the Final Approval Hearing, and (c) is reasonable and constitutes due, adequate, and sufficient process and notice. *See* Fed. R. Civ. P. 23(c)(2).

23. Before sending notice to a settlement class, courts must ensure that, as a preliminary matter, the terms of the settlement appear fair and adequate based on the factors prescribed by *Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994) (outlining six factors). Preliminary approval should be granted where the parties provide sufficient information to allow a court to determine that notice of the proposal should be provided to class members for consideration of its terms and that, upon initial review, the court will likely be able to approve the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B).

24. Based upon a preliminary analysis, this Court finds it likely that it will be able to hold that the terms are fair, reasonable, and adequate to the Settlement

9

Class, for the reasons, among others, that follow.

25. First, the likelihood of Settlement Class Members ultimately achieving success after all potential appeals of judgment and class certification is uncertain. Plaintiffs' claims asserted in this Action raise questions of first impression, and the Florida Financial Responsibility Law (Fla. Stat., Ch. 324) upon which the Named Plaintiffs base their claims does not itself provide for a private right of action. While the Court made certain findings with respect to Sanchez's motion for summary judgment (*see* Doc. 92), the Court deferred consideration as to whether it could ultimately issue a declaratory judgment based thereon. The Court also noted that certain of Plaintiff Sanchez's legal arguments were novel. Taking all this into consideration, the Court finds the likelihood of success on merits issues, were the Parties to fully litigate this case, is uncertain.

26. The Court also finds there is no fraud or collusion behind the Proposed Settlement. Settlement was only achieved with the assistance of an experienced mediator and respected former judge. *See* McLaughlin on Class Actions § 6:7 (12th ed.) ("A settlement reached after a supervised mediation receives a presumption of reasonableness and the absence of collusion."). Additionally, this Court witnessed firsthand the hard-fought and extensive litigation and advocacy in the *Sanchez* Action, which further dispels any notion of collusive behavior. *See Moulton v. United States Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009) (accusation of collusion

was belied by the fact that the parties had "litigated for almost four years before reaching a settlement agreement" with "numerous contested pretrial motions" and lengthy discovery).

27.  The remaining *Leverso* factors also weigh in favor of preliminary approval. This litigation was highly complex and entailed continuing litigation, which, without settlement, would likely have been subject to a potential complicated and protracted appellate process with both sides appealing various rulings of the Court, and it likely would have carried significant cost as a result of any further action necessary on remand. Also, the stage of proceedings—after motion to dismiss rulings, a summary judgment ruling that partially addressed certain issues, and the conducting of significant discovery— is such that the Named Plaintiffs and their attorneys had sufficient information to weigh the pros and cons of settlement versus continuing litigation. Further, the Settlement is structured such that Settlement Class Members are automatically entitled to a significant minimum payment without the need for filing a formal claim. It is the reasoned opinion of experienced attorneys representing Plaintiffs that settlement is in the Settlement Class Members' best interest.

28.  In sum, upon preliminary review, the Court finds that, given the relief to be secured, the robust notice plan, and the relatively simple and organized claims submission process, it will likely be able to grant final approval of the terms of the

Proposed Settlement as fair, reasonable, and adequate. As such, the terms of the Proposed Settlement warrant providing notice to potential Settlement Class Members and the opportunity to request exclusion or object to the terms, and scheduling a Final Approval Hearing to determine whether to grant final approval.

29. No later than 10 days before the Final Approval Hearing, the Claims Administrator shall file proof of completion of notice, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit or declaration attesting to the accuracy of the Opt-Out List.

30. Potential Settlement Class Members who wish to exclude themselves from the Settlement Class must submit appropriate, timely, written requests for exclusion, as set forth in the Agreement, postmarked no later than 60 days after the mailing of the Mail Notice. Requests for exclusion must be exercised individually by the Settlement Class Member or his or her Legally Authorized Representative, and not as or on behalf of a group, class, or subclass.

31. Potential Settlement Class Members who submit timely and valid requests for exclusion in the manner set forth in the Mail Notice and Agreement shall be excluded from the Settlement Class. Such Persons shall have no rights under the Proposed Settlement, nor share in the distribution of funds, and will not be bound by the Proposed Settlement nor by any Final Order and Judgment. *See Merkle v.*

12

*Vista Healthplan, Inc.*, Case No. 10-80347-CIV-MORENO, 2010 WL 11426151, at *4 (S.D. Fla. Aug. 17, 2010) (class members who opt out of a class settlement are not bound by any decisions or rulings concerning the class and do not receive any proceeds or benefits from the settlement; conversely, members who do not timely and properly opt out are bound by the settlement and any releases related thereto). If a Final Order and Judgment is entered approving the Proposed Settlement, all Settlement Class Members who do not make timely, written requests for exclusion will be bound by all proceedings, orders, and judgments in the Action and shall be conclusively deemed to have fully and finally released all Released Parties from any and all Released Claims, as defined in the Agreement, even if such Settlement Class Member never received actual notice of the Action or this Proposed Settlement.

32. Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Any Settlement Class Member who wishes to do so must file written notice of intent to object or intervene, as described in the Agreement and below. Any Settlement Class Member who timely files an objection in compliance with the Agreement and this Order may appear at the Final Approval Hearing, in person, or by counsel, and be heard to the extent allowed by the Court. The right to object to the Proposed Settlement must be exercised individually by an individual Settlement Class Member or his or her attorney or Legally Authorized Representative, and not as a member of a group,

class, or subclass. To be timely, any objection or motion to intervene must be postmarked and mailed to the Claims Administrator, and filed with the Court, no later than thirty (30) days after the mailing of the Mail Notice, and, to be effective, a notice of intent to object must:

    (a)    Include the name of the case and case number;

    (b)    Provide the full name, current address, and telephone number of the Settlement Class Member filing the objection (and the name and address of the Settlement Class Member at the time of the entry of the State Farm Judgment entered against the Settlement Class Member, if different from the current name and address);

    (c)    Indicate each objection being made and the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

    (d)    State whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either in person or through counsel;

    (e)    Provide a list of witnesses whom the Settlement Class Member may call by live testimony;

    (f)    Provide any legal authority upon which the Settlement Class Member intends to rely in support of the objection;

    (g)    Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if any (which attorney must comply with all applicable rules of the Court); and

    (h)    Provide copies of any documents or papers the Settlement Class Member plans to submit or wants the Court to consider.

Failure to comply with these requirements may prevent the objection from being considered by the Court.

    33.    The Court directs the Claims Administrator to rent a post office box to

be used for receiving requests for exclusion, objections, notices of intention to appear, Claim Forms, and any other settlement-related communications.

36. The Court also directs the Claims Administrator to promptly furnish counsel with copies of any objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in the Agreement.

35. The Court directs the Claims Administrator to retain and record all of its notice procedures and provide periodic updates to the Parties during the Notice Period.

36. The Court will hold a Final Approval Hearing, not sooner than ninety (90) days after entry of this Order, on August 26, 2025 at 2:00 p.m. in the Bryan Simpson United States Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, Florida 32202, during which the Court will consider whether the Proposed Settlement should be approved as fair, reasonable, and adequate, and whether the Court should enter a Final Order and Judgment approving the Proposed Settlement and dismissing this Action on the merits, with prejudice. The Court will also consider the amount of any Attorneys' Fees Award and the amount of any Service Awards to the Named Plaintiffs.

37. Class Counsel is directed to file any motion for attorneys' fees and costs and Service Awards no later than fifteen (15) days prior to the deadline to file

15

objections. Class Counsel shall provide a draft of such motion to Defendants' counsel for review prior to filing. The Claims Administrator is directed to post the application to the settlement website.

38. Class Counsel must file a motion seeking the Court's final approval of the Proposed Settlement at least fifteen (15) days prior to the Final Approval Hearing. Class Counsel shall provide a draft of such motion to Defendants' counsel for review prior to filing.

39. The Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Settlement Class Members other than on the settlement website and the Court's publicly available docket. The Court further reserves the authority to enter a Final Judgment and Order dismissing the Action with prejudice as to Defendants and against the Named Plaintiffs and the Settlement Class Members at or after the Final Approval Hearing and without further notice to the Settlement Class Members.

40. For purposes of settlement only and subject to the terms of the Agreement, the Court grants the Named Plaintiffs leave to file the Third Amended Complaint attached to their motion for preliminary approval.

41. Based upon the terms of the Agreement, and based upon today's date of May 12, 2025, on which this Preliminary Approval Order is being entered, the Court imposes the   following schedule for implementation of the notice plan and

16

further proceedings to determine whether the Proposed Settlement should be fully and finally approved:

| # | Action | Deadline |
|---|--------|----------|
| 1 | Deadline for Claims Administrator to mail out Mail Notice ("Mail Notice Date"). | June 12, 2025 |
| 2 | Deadline for Class Counsel to file their application for attorneys' fees, costs, and expenses and for Named Plaintiffs to request Service Awards. | June 27, 2025 |
| 3 | Deadline for submission of notice of intent to object to Agreement. | July 15, 2025 |
| 4 | Deadline for Class Counsel to file the Motion for Final Approval of the Settlement. | August 11, 2025 |
| 5 | Deadline for Settlement Class Members to opt out of the Settlement. | August 12, 2025 |
| 6 | Deadline for Claims Administrator to file proof of completion of Notice, along with complete and accurate Opt-Out list. | August 15, 2025 |
| 7 | Final Approval Hearing | August 26, 2025 2:00 p.m. Courtroom 10D |

42. The Court preliminarily enjoins all Settlement Class Members from commencing, prosecuting, intervening in, or participating as a plaintiff or class

member in any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims against any of the Released Parties pending the outcome of the Final Approval Hearing.

43. In light of the fact that the Proposed Settlement is structured such that the claims administration process is to be conducted after final approval of the Settlement, the claims administration process, including the appointment of a Special Master, shall be further addressed in the Final Order and Judgment, in the event that such order and judgment is entered.

44. Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

45. The Court stays all proceedings in the Action until further Order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement or effectuate the Agreement.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of May, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge