UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CARMEN DANIELLE MORA SANCHEZ, BRANDON RASHARD WATERS, and KASHANA SANGFIELD on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, HIDAY & RICKE, P.A., JEFF RICKE, an individual,<br><br>Defendants. | Case No.: 3:21cv-00372-TJC-LLL<br><br>CLASS ACTION |

**FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
AND JUDGMENT OF DISMISSAL WITH PREJUDICE**

THIS CAUSE is before the Court upon the Unopposed Motion for Final Approval of Class Action Settlement and Memorandum of Law [Dkt. 201] (the "Motion for Final Approval") and the Unopposed Motion for Attorney's Fees and Costs and Class Representative Award [Dkt. 200] (the "Motion for Attorneys' Fees and Service Awards") filed by Plaintiffs Carmen Danielle Mora Sanchez ("Sanchez"), Brandon Rashard Waters ("Waters"), and Kashana Sangfield ("Sangfield") (collectively, the "Named Plaintiffs"), individually and as proposed class representatives on behalf of a proposed Settlement Class (collectively, "Plaintiffs"),

requesting an order granting final approval of the Settlement (the "Settlement"), as set forth in the Settlement Agreement ("Agreement") [Dkt. 193-4].

WHEREAS, on May 12, 2025, the Court entered an Order Preliminarily Approving Class Action Settlement and Setting Final Approval Hearing for August 26, 2025 (Dkt. 198) (the "Preliminary Approval Order"), which, *inter alia*: (1) preliminarily approved the Settlement and the Agreement; (2) determined, for purposes of settlement only, this Action should proceed as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and certified the Settlement Class; (3) appointed the Named Plaintiffs as Class Representatives; (4) appointed Jeffrey L. Newsome, II, Brian W. Warwick, Janet R. Varnell, Pamela Levinson, and Christopher J. Brochu of Varnell & Warwick P.A. and Irv Ackelsberg and Mary Catherine Roper of Langer Grogan & Diver, P.C. as Class Counsel; (5) approved the form and manner of Notice and the notice plan; (6) approved the Claim Form, process, and distribution plan; and (7) set the Final Approval Hearing date of August 26, 2025 [Dkt. 198];

WHEREAS, thereafter, Notice was provided to 439 Settlement Class Members in accordance with the Court's Preliminary Approval Order, with direct mailing and through notice made available to Settlement Class Members on the Settlement website;

WHEREAS, the Claims Administrator, American Legal Claims Services, LLC, has certified it completed the Notice program and it has not received any requests for exclusion or opt-outs from the Settlement;

2

WHEREAS, on August 26, 2025, the undersigned held a Final Approval Hearing to determine whether the Settlement is fair, reasonable, and adequate, and to consider Class Counsel's application for Attorneys' Fees and Costs and the Named Plaintiffs' request for Class Representative Service Awards;

WHEREAS, all interested persons were given an opportunity to be heard at the Final Approval Hearing;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Agreement, the Motion for Final Approval, and the Motion for Attorneys' Fees and Service Awards, and having considered all other files, records, and proceedings in the Action, and being otherwise fully advised; and

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Agreement; it is hereby

**ORDERED AND ADJUDGED** the Motion for Final Approval [Dkt. 201] and the Motion for Attorneys' Fees and Service Awards [Dkt. 200] are **GRANTED** as follows:

1. This Court has jurisdiction over the subject matter jurisdiction of this Action and personal jurisdiction over all Parties to this Action, including all Settlement Class Members, to approve the terms of the Settlement.

2. This Court hereby approves the Settlement set forth in the Agreement and finds the Settlement is, in all respects, fair, adequate, and reasonable, and in compliance with all applicable requirements of Federal Rule of Civil Procedure 23(e)

and the United States Constitution (including the Due Process Clause), and all other applicable law.

3. The Settlement is, in all respects, fair, reasonable, and adequate after considering all of the Fed. R. Civ. P. 23(e)(2) factors, highlighted by evidence that (a) the Class Representatives and Class Counsel have adequately represented the Settlement Class, (b) the Settlement was negotiated at arm's length among competent, able counsel with the assistance of a qualified mediator, (c) the relief provided through the Settlement is adequate, and (d) the Settlement treats Settlement Class Members equitably relative to each other. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

4. In finding the Settlement to be fair, reasonable, and adequate, the Court has also considered (a) there were no objections to the Settlement and no opt-outs, which indicates an overwhelming positive reaction from the Settlement Class, and (b) the opinion of competent counsel concerning such matters.

5. The Notice provided to the Settlement Class Members was made in accordance with the Preliminary Approval Order, was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings to all persons entitled to notice. The Notice fully satisfied the requirements of due process, Fed. R. Civ. P. 23, and all other applicable law and rules.

6. The Court finds the Class Action Fairness Act Notice provided by the Claims Administrator complied with 28 U.S.C. § 1715(b).

7. Consistent with the Settlement Class identified in the Preliminary Approval Order, for purposes of this Final Order and Judgment, the Court certifies, for settlement purposes only, the following 439-person Settlement Class that meets the following criteria:

> (a) The person was a judgment debtor of State Farm between April 7, 2017 and June 11, 2024 pursuant to a judgment obtained by State Farm against that person (the "State Farm judgment");
>
> (b) The State Farm judgment against that person arose from an automobile accident with a State Farm insured;
>
> (c) At the time of the accident giving rise to the State Farm judgment, the person maintained at least the minimum required insurance pursuant to Fla. Stat. § 324.021(7) (2017 to date). That minimum insurance is: (a) In the amount of $10,000 because of bodily injury to, or death of, one person in any one crash; (b) Subject to such limits for one person, in the amount of $20,000 because of bodily injury to, or death of, two or more persons in any one crash; (c) In the amount of $10,000 because of injury to, or destruction of, property of others in any one crash; and (d) With respect to commercial motor vehicles and nonpublic sector buses, in the amounts specified in §§ 627.7415 and 627.742, respectively. *See* Fla. Stat. § 324.021(7);
>
> (d) The person (or their automobile insurer) tendered payment to State Farm;
>
> (e) The person's driver's license was suspended between April 7, 2017 and June 11, 2024 pursuant to a request by Hiday & Ricke based on the person's failure to satisfy the State Farm judgment; and
>
> (f) The person's license was not suspended for any reason other than the Hiday & Ricke request based on the person's failure to satisfy the State Farm judgment.

8. The Court affirms the findings that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement in that: (a) the number of Settlement Class Members is so numerous that joinder is

5

impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class Members; (d) the Named Plaintiffs are adequate representatives for the Settlement Class and have retained experienced counsel to represent them; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Further, the Court concludes the Settlement Class is ascertainable based on objective criteria.

9. Based on the information presented to the Court, the claim process has proceeded as ordered and thus far has been consistent with the Agreement and Preliminary Approval Order. All Initial Payments shall be paid pursuant to the Agreement's terms. In addition, all Settlement Class Members who submit a timely and valid Claim for Payment of Additional Relief shall be paid in accordance with the Agreement's terms. Settlement Class Members who do not cash their Initial Payment or who do not submit a Claim for Payment of Additional Relief shall still be bound by the terms of the Agreement and the Releases therein.

10. The Settlement plan for distributing monetary relief to the Settlement Class Members proposed by the Parties in the Agreement is fair, reasonable, and adequate.

11. The Named Plaintiffs and Class Counsel have fairly and adequately represented and shall continue to adequately represent and protect the interests of

Settlement Class Members in connection with the Settlement.

12. This Final Order and Judgment effects a full and final settlement and dismissal with prejudice of all Released Claims of all Settlement Class Members against all the Released Parties.

13. Because the Court grants final approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Agreement.

14. All Parties to this Action and all Settlement Class Members are bound by the Settlement as set forth in the Agreement and this Final Order and Judgment.

15. The appointment of Named Plaintiffs as the Class Representatives is affirmed.

16. The appointment of Jeffrey L. Newsome, II, Brian W. Warwick, Janet R. Varnell, Pamela Levinson, and Christopher J. Brochu of Varnell & Warwick P.A. and Irv Ackelsberg and Mary Catherine Roper of Langer Grogan & Diver, P.C. as Class Counsel is affirmed.

17. American Legal Claims Services, LLC, is appointed to continue in its role as Claims Administrator.

18. Gregory Holder is hereby appointed to serve as the Special Master in accordance with the terms of the Agreement.

19. Judgment shall be, and hereby is, entered dismissing the Action with prejudice on the merits. As of this date of this Final Order and Judgment, and in exchange for the relief described in the Agreement, the Named Plaintiffs and the

Settlement Class Members fully and irrevocably release and forever discharge the Plaintiffs' Released Parties from the Plaintiffs' Released Claims pursuant to the terms of the Agreement. In addition, the Defendants fully and irrevocably release and forever discharge the Defendants' Released Parties from the Defendants' Released Claims pursuant to the terms of the Agreement.

20. In addition, and more specifically, the Named Plaintiffs, all Settlement Class Members, and their respective heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, attorneys, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have submitted a Claim Form, and regardless of whether they have received actual notice of the Proposed Settlement, have conclusively compromised, settled, discharged, and released all Released Claims against Defendants and the Released Parties, and are bound by the provisions of the Agreement.

21. The Court hereby decrees neither the Settlement, nor this Final Order and Judgment, nor the fact of the Settlement, is an admission or concession by the Defendants or the Released Parties of any fault, wrongdoing, or liability whatsoever, or as an admission of the appropriateness of class certification for trial or dispositive motion practice. This Final Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Nothing relating to the Settlement shall be offered or received in evidence as an admission, concession, presumption, or inference against Defendants or the Released Parties in

any proceeding, other than such proceedings as may be necessary to consummate or enforce the Agreement or to support a defense based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense.

22. Pursuant to Fed. R. Civ. P. 23(h), Class Counsel is awarded an Attorneys' Fee Award of $1,600,000, the attorneys' fees portion of which is $1,500,000 and the costs portion of which is $100,000. Such amount shall be paid to Class Counsel in accordance with the Agreement. Based on the representations of the Named Plaintiffs and Class Counsel as to the estimated value of the Settlement and Class Counsel's efforts, the Court reached its conclusion regarding attorneys' fees and costs by attributing value to both the monetary and the non-monetary components of this Settlement and Class Counsel's efforts which were significant. *See In re Home Depot Inc.*, 931 F.3d 1065, 1094 (11th Cir. 2019) ("A rule establishing that class counsel can get no credit for settlements with putative class members done before the class as a whole settles would entrench the very unjust enrichment and collective-action problem that class actions are designed to solve. Plus, '[t]here is no question ... that federal courts may award counsel fees based on benefits resulting from litigation efforts even where adjudication on the merits is never reached, e.g., after a settlement.'"). Accordingly, the requested attorneys' fee of $1,500,000 amounts to approximately 25% of the combined monetary and non-monetary value as calculated by the Named Plaintiffs and Class Counsel and is within the range of reason under the factors listed in *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991).

23. The Court also finds the Named Plaintiffs' request for a Service Award is within the appropriate range. The Named Plaintiffs put in substantial time representing the Settlement Class, including preparing extensive investigation, preparing discovery responses, participating in negotiations, and attending regular meetings and phone conferences with Class Counsel. The Named Plaintiffs accepted these burdens to seek relief for others allegedly harmed. They played a vital role in obtaining the Settlement. Accordingly, this Court finds, as reasonable, a Service Award for the Named Plaintiffs in the amount of $10,000.00 each. The awards in no way represent a salary; rather they compensate Named Plaintiffs for the time and burden invested in pursuing this case. *See Junior v. Infinity Ins. Co.*, Case No. 6:18-cv-1598-WWB-EJK (DE [79], at 3) (M.D. Fla. 2023) ("*Johnson I* examined federal common law, based on a federal cause of action, to arrive at its decision. There is nothing in *Johnson I* to suggest that it is applicable to cases arising under state law."); *Venerus v. Avis Budget Car Rental, LLC*, 674 F. Supp. 3d 1107, 1110 (M.D. Fla. 2023).

24. The Named Plaintiffs and all Settlement Class Members, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

25. The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members, including, but not limited to, over any appeals related to the Claims for

Payment of Additional Relief; (b) the Action until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties for the purpose of enforcing and administering the Settlement.

26. In the event that the Settlement does not become effective in accordance with its terms, then the judgment contemplated herein shall be rendered null and void and be vacated and the Agreement and all orders entered in connection therewith shall be rendered null and void, the Settlement Class shall be decertified, all of Defendants' obligations under the Settlement shall cease to be of any force and effect, and the actions shall be reinstated as they existed prior to the making of the Agreement. In that case, all communications, documents, filings, negotiations and other actions taken by the Parties to negotiate and pursue a settlement through the Settlement Agreement shall be considered confidential settlement communications which cannot be used in evidence by any Party against another Party.

27. Except as expressly provided herein, each Party shall bear its own fees and costs.

28. In accordance with Fed. R. Civ. P. 54, this Final Order and Judgment is a final and appealable order.

29. Upon entry of this Final Order and Judgment, this Action is dismissed with prejudice.

**DONE AND ORDERED** in Jacksonville, Florida this 26th day of August, 2025.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
Senior United States District Judge